| | |
|---|---|
| District Court of Colorado, City and County of Denver, Colorado<br><br>Court Address:<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: August 4, 2023 2:21 PM<br>FILING ID: 92327D2231EF3<br>CASE NUMBER: 2023CV32273 |
| **PLAINTIFF:**<br>MARK BURNETT,<br><br>v.<br><br>**DEFENDANT:**<br>FINANCE OF AMERICA MORTGAGE, LLC, a Delaware limited liability company. | |
| | ▲ **COURT USE ONLY** ▲ |
| **ATTORNEY FOR PLAINTIFF:**<br>LIVELIHOOD LAW, LLC<br>David Lichtenstein, #11408<br>12015 E. 46th Avenue, Suite 240<br>Denver, CO 80239<br>Telephone: (720) 465-6972<br>Email: drl@livelihoodlaw.com | **Case No.:**<br><br>**Division:** |
| **COMPLAINT** | |

Plaintiff, Mark Burnett, complains as follows:

## INTRODUCTION

Plaintiff was terminated from his position as a Branch Manager for Defendant Finance of America Mortgage, LLC. Before Defendant terminated him, it had agreed to pay him an $875,000 bonus for his accomplishments over the year—bringing in over $1 million in business to the branch. However, the Defendant never paid Mr. Burnett this bonus. The Defendant's failure to pay earned bonus, even after receiving a written demand, violates the Colorado Wage Claim Act and entitles Mr. Burnett to penalties, including penalties for Defendant's willful failure to pay Mr. Burnett's earned compensation, as explained below. Moreover, Defendant's willful refusal of payment towards the earned bonus upon Plaintiff's written entitles Plaintiff to basic and willfulness penalties under the CWCA.

## PARTIES AND VENUE

1. At all times relevant to this action, Mr. Burnett was a resident of Jefferson County, Colorado.

2. At all times relevant to this action, the Defendant was a Delaware limited liability company authorized to conduct business in Colorado.

3. Venue is proper in Denver County, Colorado, pursuant to C.R.C.P Rule 98(c) as the conduct alleged in the Complaint took place in Denver County.

## FACTUAL BACKGROUND

4. Mr. Burnett was employed by Defendant from 2010 until December 15, 2022.

5. Defendant terminated Mr. Burnett's employment on December 15, 2022.

6. On September 16, 2022, Mr. Burnett requested a bonus of $875,000.

7. When Mr. Burnett requested the bonus, his branch held reserves of at least $875,000 in excess of the amount Defendant expected branches to retain as reserves, representing three months of expenses.

8. Defendant regularly granted branch managers' requests for bonuses in an amount exceeding three months' reserves for expenses.

9. Mr. Burnett's supervisor, Craig Davis, and a second-level approver Michael Farr, on September 16 and 18, 2022, respectively, approved Mr. Burnett's request for an $875,000 bonus.

10. Mr. Burnett's request for the bonus, and Mr. Davis's and Mr. Farr's approval, are Exhibit 1 to this Complaint.

11. The bonus was earned, vested and determinable compensation under the Colorado Wage Claim Act (CWCA), section 8-4-101 *et. seq.*, Colorado Revised Statutes.

12. On March 3, 2023, Mr. Burnett made a written demand for payment of his bonus.

13. The demand met the requirements for a written demand under section 8-4-101(15) of the CWCA.

14. The demand complied with section 8-4-109(3)(a) of the CWCA.

15. Through counsel, Mr. Burnett reiterated his demand on April 10, 2023.

16. The reiterated demand met the requirements for a written demand under section 8-4-101(15) of the CWCA.

17. The demand complied with section 8-4-109(3)(a) of the CWCA.

18. Since he made his demands, and as of the date of this Complaint, Defendant has tendered no amount to Mr. Burnett.

19. Defendant's failure to pay Mr. Burnett's wages and compensation was willful.

### FIRST CLAIM FOR RELIEF
### Failure to Pay All Earned, Vested, and Determinable Wages in Violation of C.R.S. §8-4-101, Et Seq.

20. The foregoing allegations are realleged and incorporated by reference.

21. Mr. Burnett is owed the earned, vested, and determinable bonus promised to him during his employment with Defendant.

22. Defendant failed to pay Mr. Burnett the wages and compensation owed to him within fourteen days after Mr. Burnett sent his written demand.

23. Defendant has failed to pay Mr. Burnett the bonus owed to him as of the date of this Complaint.

24. Pursuant to the Colorado Wage Claim Act, C.R.S. § 8-4-109(1)(b), Mr. Burnett is entitled to recover all unpaid wages and compensation.

25. Mr. Burnett is additionally entitled to a penalty of two times the amount in unpaid wages and compensation pursuant to C.R.S. § 8-4-109(3)(b)(I).

26. Mr. Burnett is also entitled to an additional penalty equal to the amount of unpaid wages and compensation, for a total penalty of three times the amount in unpaid wages and compensation, pursuant to C.R.S. § 8-4-109(3)(b)(II), because Defendants' failure to pay Mr. Burnett's wages and compensation was willful.

27. Mr. Burnett is entitled to recover his reasonable attorney fees and costs incurred pursuant to C.R.S. § 8-4-110.

## SECOND CLAIM FOR RELIEF
**Breach of Contract**

28. The foregoing allegations are realleged and incorporated by reference.

29. Defendants' failure to pay Mr. Burnett his wages and compensation was a breach of Mr. Burnett's contract of employment.

30. As a direct and proximate result of such breach, Mr. Burnett has suffered damages equal to such unpaid amounts.

## THIRD CLAIM OF RELIEF
**Unjust Enrichment**

31. The foregoing allegations are realleged and incorporated by reference.

32. Defendants received, at Mr. Burnett's expense and to his detriment, the benefit of work Mr. Burnett performed without compensation.

33. Defendants received the benefit under circumstances that would make it unjust for Defendants to retain the benefit without paying.

34. As a matter of quantum meruit, Mr. Burnett is entitled to recover the reasonable value of the work he performed.

## DEMAND FOR JUDGMENT

Plaintiff Mark Burnett requests judgment in her favor against Defendants, jointly and severally, for

  A. all earned and unpaid wages and compensation owed to Plaintiff,

  B. penalties under the Colorado Wage Claim Act,

  C. reasonable attorney fees,

  D. prejudgment and post judgment interest,

  E. costs, and

  F. such other relief as the Court deems proper.

DATED: August 4, 2023

                                                   **LIVELIHOOD LAW, LLC**
*Duly signed original on*
*file at the offices of Livelihood Law, LLC*

S/ *David Lichtenstein*
David Lichtenstein
*Attorney for Plaintiff*

Address of Plaintiff:

9790 W. Fairview Ave.
Littleton, CO 80127

5